Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| B-BILLBOARD BG, LLC  Apelante  v.  RAMÓN CORDERO MARTÍNEZ Y OTROS  Apelados | KLAN202301038 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Caso Núm.: SJ2023CV05509 (Salón 603)  Sobre: Consignación |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2024.

Comparece B-Billboard BG, LLC (Apelante) para impugnar la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 6 de octubre de 2023. Mediante el recurrido dictamen, el foro apelado desestimó y archivó sin perjuicio la demanda presentada por el Apelante en contra de varios demandados, en su mayoría individuos identificados por seudónimos (colectivamente, Apelados), por falta de jurisdicción para ordenar emplazamientos por edicto. Por fundamentos que expresaremos a continuación, adelantamos que *revocamos* la sentencia parcial apelada.

Según surge del expediente, el Apelante presentó una demanda el 7 de junio de 2023, pero no fue hasta el día siguiente, el 8 de junio de 2023, que secretaría expidió los emplazamientos. Ante la negativa de lograr emplazar a los Apelados, el Apelante solicitó el 6 de octubre

de 2023 que el foro inferior autorizara los emplazamientos por edicto. El foro inferior denegó la solicitud y desestimó las causas de acción en contra de los Apelados por entender que carecía de jurisdicción, en función de que habían transcurrido 121 días desde la expedición de los emplazamientos. Inconforme, el Apelante recurre ante nos y sostiene que el foro apelado erró al decretar que carecía de jurisdicción, ya que, a secretaría tardar un día en expedir los emplazamientos, el término de 120 días para solicitar emplazamiento por edicto culminaba el 6 de octubre de 2023 y no el día anterior, como indicó el Tribunal de Primera Instancia. Además, nos solicita que ordenemos el emplazamiento por edicto.

El propósito del emplazamiento es notificar a la parte demandada que existe una acción judicial en su contra, para que, si así lo desea, comparezca en el procedimiento a ejercer su derecho y presentar prueba a su favor. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855 (2005); *Global v. Salaam*, 164 DPR 474 (2005); *Medina v. Medina*, 161 DPR 806 (2004). La Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, establece un término de 120 días para diligenciar el emplazamiento, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento. Una vez transcurrido el referido término sin que se haya emplazado, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio del caso. *Id.* A su vez, dicha regla establece la obligación de que la Secretaría del Tribunal expida los emplazamientos el mismo día en que se presenta la demanda; de lo contrario, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciarlos. Al respecto, el Tribunal Supremo aclaró que dicho tiempo adicional otorgado por

los tribunales "no se trata en realidad de una prórroga debido a que en ninguna de estas circunstancias la parte contará con más de 120 días". *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 650 (2018). Por tanto, el término de 120 días para diligenciar un emplazamiento comenzará a trascurrir, sin ninguna otra condición o requisito, una vez la Secretaría del tribunal expida el emplazamiento. *Id.*

Sin embargo, cuando el demandante intenta infructuosamente emplazar personalmente al demandado dentro de los 120 días, se justifica el emplazamiento por edicto. 32 LPRA Ap. V, R. 4.6. Para que proceda el emplazamiento por edicto el demandante debe acreditar mediante declaración jurada las diligencias realizadas para localizar y emplazar al demandando. La moción presentada debe contener hechos específicos y detallados, demostrativos de esa diligencia y no meras generalidades, de manera que la evaluación de las justificaciones presentadas estará sujeta a un ejercicio de discreción del tribunal. *Global v. Salaam*, supra; *Lanzó Llanos v. Banco de Vivienda*, 133 DPR 507 (1993). Cuando el emplazamiento por edicto sea ordenado luego de que el tribunal quede satisfecho con las diligencias del demandante, un nuevo término improrrogable de 120 días comenzará a trascurrir desde que se expide el solicitado emplazamiento. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020). Resolver lo contrario sería acortar el término para diligenciar el emplazamiento y penalizar al demandante que actuó diligentemente. *Id.*

En el presente caso, el término de 120 días para emplazar comenzaba a transcurrir el 8 de junio de 2023, cuando secretaría expidió los emplazamientos, y culminaba el 6 de octubre de 2023. Por tanto, la solicitud de emplazamiento por edicto realizada el 6 de octubre

de 2023 fue oportuna y requiere resolución judicial. En atención a ello, determinamos que erró el foro inferior al declararse sin jurisdicción para atender tal solicitud y al desestimar las causas de acción contra los Apelados. Por el contrario, resolvemos que la petición de emplazamiento por edicto resultó suficiente y adecuadamente fundamentada. Por tanto, revocamos la *Sentencia Parcial* apelada, ordenamos el emplazamiento por edicto y devolvemos el caso al Tribunal de Primera Instancia para que continúen los procedimientos del litigio de conformidad con este dictamen.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones