Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JENNIFER MEDINA DELGADO TCC JENNIFER ENID MEDINA DELGADO <br><br> Demandante-Peticionaria <br><br> Vs. <br><br> JOSÉ ERNESTO RODRÍGUEZ COSME <br><br> Demandado-Recurrido | TA2025CE00567 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas <br><br> Caso Núm. CG2025RF00622 <br><br> Sala: 501 <br><br> Sobre: <br><br> PATRIA POTESTAD – PRIVACIÓN, SUSPENSIÓN O RESTRICCIÓN |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Comparece la parte peticionaria, la señora Jennifer Enid Medina Santiago, solicita la revisión de una *Orden* dictada el 5 de septiembre de 2025 y notificada el 8 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas. En la orden el tribunal declaró *"No ha lugar"* la moción para emplazar por edicto a la parte recurrida, el señor José Ernesto Rodríguez Cosme. La Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 7 (B) (5), le confiere a este foro la facultad para prescindir de escritos, en cualquier caso, ante su consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia del recurrido.

Por los fundamentos expuestos a continuación, *denegamos* la expedición del recurso promovido.

## -I-

El 4 de septiembre de 2025, la parte peticionaria presentó una demanda sobre privación de Patria Potestad y en igual fecha la parte peticionaria solicitó al tribunal autorización para emplazar por edicto a la parte recurrida. El 8 de septiembre de 2025 el foro primario denegó la solicitud promovida y dispuso: "No ha lugar al emplazamiento por edicto. Conociéndose la institución correccional donde se encuentra confinado el demandado, proceda de conformidad con la Regla 4.3 (b) (2) de Procedimiento Civil, 32 LPRA Ap. V". El 22 de septiembre de 2025, la parte peticionaria presentó una reconsideración a la orden emitida, el foro de primeria instancia emitió una orden en la cual reiteró su determinación y denegó la reconsideración presentada. Inconforme, la parte peticionaria comparece mediante alegato escrito y señala el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia, Sala de Caguas, al declarar No Ha Lugar moción de reconsideración a la solicitud de emplazar mediante edicto, estando la parte demandada confinada fuera de la jurisdicción de Puerto Rico.

Procedemos a resolver conforme al contenido del expediente y al derecho aplicable.

## -II-

## -A-

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V; Regla 52.1, establece las excepciones para atender, mediante recurso de *certiorari*, determinaciones interlocutorias del Tribunal de Primera Instancia. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 594-595 (2012). La Regla 52.1 de Procedimiento Civil prohíbe la revisión mediante *certiorari* de resoluciones u órdenes interlocutorias salvo determinadas excepciones. *Rivera*

*Figueroa v. Joe's European Shop*, 183 DPR 580, 594 (2011). La Regla 52.1 de Procedimiento Civil dispone:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Inclusive, ante una de las excepciones, el Tribunal de Apelaciones tiene la facultad de discrecionalmente expedir el auto de *certiorari* por tratarse ordinariamente de asuntos interlocutorios. *Municipio Autónomo de Caguas v. JRO Construction, Inc., supra,* pág. 711. El delimitar la revisión a instancias específicas tiene como propósito evitar la demora de considerar controversias que pueden esperar al recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corp.,* 202 DPR 478, 486–487 (2019); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2017).

Al evaluar la expedición de un recurso de *certiorari* debemos considerar los criterios de La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas., Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025). *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). La Regla 40 dispone los siguientes criterios:

> a. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

   b. Si la situación de hechos planteada es la más indicada para el análisis del problema.

   c. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

   d. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

   e. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración

   f. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

   g. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -B-

El emplazamiento es el mecanismo mediante el cual los tribunales adquirimos jurisdicción sobre una persona y, a su vez, queda notificada sobre el procedimiento judicial instado en su contra. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015); *Medina v. Medina,* 161 DPR 806, 818 (2004). De tal modo, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer, y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 30 (2014).

La Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, reglamenta el proceso y las formalidades del emplazamiento en los pleitos civiles. Reconoce dos métodos para diligenciar el emplazamiento: personal o mediante edicto. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para el tribunal adquirir jurisdicción sobre la persona del demandado. Sin embargo, por excepción y en circunstancias específicas, nuestro ordenamiento permite el emplazamiento por edicto para iguales propósitos cuando es

imposible emplazar al demandado personalmente. *Íd.* En particular, y pertinente a este recurso, la Regla 4.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(b), gobierna la forma de efectuar el emplazamiento cuando el demandado no está en Puerto Rico o no reside en Puerto Rico:

(a) ...

(b) Cuando, conforme a la Regla 3.1 de este apéndice o a otras disposiciones de ley, el Tribunal de Primera Instancia tenga jurisdicción para entender en una demanda contra una parte demandada que no se encuentre en Puerto Rico, el emplazamiento se diligenciará de una de las maneras siguientes:

(1) Mediante la entrega personal en la forma prescrita en el inciso (a) de esta regla;

(2) **de la manera prescrita por ley en el lugar en que se llevará a cabo el emplazamiento en sus tribunales de jurisdicción general**;

(3) mediante carta rogatoria al país extranjero donde se encuentre la parte demandada;

(4) por edictos según lo dispuesto en la Regla 4.6 de este apéndice, o

(5) **conforme disponga el tribunal**.

(Énfasis provisto.)

### *-III-*

En el presente caso el foro primario determinó la improcedencia del emplazamiento por edicto solicitado por la parte peticionaria y ordenó el emplazamiento del recurrido conforme a la Regla 4.3(b)(3) de Procedimiento Civil. Esto en consideración a que el recurrido está recluido en una institución penal en el estado de Wisconsin y la parte peticionaria conoce la dirección postal donde el recurrido recibe correspondencia. Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, resolvemos no intervenir con el

criterio del tribunal apelado. En *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306–307 (2012), el Tribunal Supremo expresó:

> La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final.

En consideración a estas premisas, no debemos intervenir con la discreción ejercida por el foro primario en este caso pues no divisamos prejuicio, parcialidad o error manifiesto en la aplicación de la norma procesal. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 154–155 (2000); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000). Además, en el contexto particular de los sucesos procesales de este caso, la orden del tribunal no implica una carga adicional para la parte peticionaria, y tampoco una dilación innecesaria en el trámite de los procedimientos con antelación al juicio cuando la contraponemos con el derecho al Debido Proceso de Ley de la parte recurrida.

En vista de lo anterior, resolvemos que no procede nuestra intervención con la determinación recurrida.

### -*IV*-

Por los fundamentos aquí expuestos, los que hacemos formar parte de este dictamen, *denegamos* expedir el recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones