# 2009 DTA 140

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE SAN JUAN

RENÉ HERNÁNDEZ ARENCIBIA
Demandante-Recurrido

v.

HÉCTOR VÁZQUEZ DÍAZ, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ÉL Y SU ESPOSA ETC.
Demandados

MIGUEL ELÍAS, POR SÍ Y EN REPRESENTACIÓN DE LA
SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ÉL Y SU ESPOSA
Demandados-Peticionarios

RENÉ HERNÁNDEZ ARENCIBIA
Demandante-Recurrido

v.

HÉCTOR VÁZQUEZ DÍAZ, POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL
DE GANANCIALES COMPUESTA POR ÉL Y SU ESPOSA
Demandados-Peticionarios

ELWOOD CASELLAS Y OTROS
Demandados

Núms. Cons. KLCE-2009-00292 / KLCE-2009-00519

San Juan, Puerto Rico, a 29 de septiembre de 2009

Panel integrado por su Presidenta, la Juez García García,
la Juez Varona Méndez y el Juez Cabán García

García García, Juez Ponente

**593**

## TEXTO COMPLETO DE LA SENTENCIA

Comparece Miguel Elías (en adelante Elías), sin someterse a la jurisdicción de este Tribunal, mediante el KLCE-2009-00292, para solicitarnos la expedición del auto de *certiorari* y la revocación de la Orden emitida por el Tribunal de Primera Instancia (en adelante el TPI) el 11 de septiembre de 2008 y que fuera notificada 16 de marzo de 2009. Mediante éste se denegó la solicitud de desestimación presentada por él y se le ordenó contestar la demanda. Arguye Elías que no hay jurisdicción sobre su persona, ya que no es domiciliado en Puerto Rico ni ha tenido contactos mínimos con la Isla.

Luego de varios trámites procesales en este Foro, el 17 de abril de 2009 reconsideramos nuestra determinación desestimando el recurso por prematuro. Así las cosas, solicitamos a la parte recurrida que se expresara sobre este último.

En cumplimiento con nuestra orden, René Hernández Arencibia (en adelante Hernández) compareció para oponerse a la expedición del auto solicitado. Arguye que Elías es accionista de la corporación y fue quien autorizó la celebración de la reunión corporativa en Puerto Rico, en la que se tomaron ciertas determinaciones que dan base para algunas alegaciones en la demanda. Por tanto, sí hay jurisdicción sobre su persona.

Posteriormente, Héctor Vázquez Díaz (en adelante Vázquez) presentó el KLCE-2009-00519. Igualmente, nos solicita la expedición del auto de *certiorari* y la revisión de la misma orden impugnada por Elías. Como ya indicáramos, mediante la referida orden, el foro de instancia denegó la desestimación solicitada por éste. Seguido, a esta petición de *certiorari* se unió Advanced Building Specialties, Inc. (en adelante Advanced). Posteriormente, Hernández también presentó su oposición a este recurso.

Así las cosas, por estar relacionados entre sí, el 11 de junio de 2009 emitimos una Resolución consolidando los recursos. Con el beneficio de la comparecencia de las partes y contando con el derecho aplicable, expedimos el auto de *certiorari* y procedemos a resolver.

## I

### KLCE-2009-00292

A principio del año 2008, Hernández presentó una demanda por motivo de una controversia entre accionistas y la Junta de Directores de Advanced. El 1 de abril del mismo año, Hernández presentó una demanda enmendada en contra de Advanced, Elías, Vázquez, Elwood Casellas, Roberto Romero, Alfonso Díaz, Sergio Belmonte, Neil Maldonado y sus respectivas sociedades de gananciales.

Alegó que Advanced es una corporación organizada al amparo de las leyes del estado de Florida y autorizada para hacer negocios en Puerto Rico. Indicó que en un principio esta corporación no emitió acciones, por lo que el porcentaje de cada accionista sería proporcional a su aportación. Tales por cientos serían revisados y ajustados periódicamente.

Señaló que aportó un capital de $5,000,000.00, pero, alegadamente, tal aportación no fue reconocida por los demás accionistas, ni se le ajustó su participación. Planteó que, pese a haberlo requerido, no se le proveyó una certificación de sus acciones. Tales actuaciones intencionales y culposas han sido con el propósito de apropiarse de los bienes aportados por él.

Igualmente, señaló un alegado esquema para traspasar los bienes de Advanced a otras entidades jurídicas sin su consentimiento. Además, eligieron una nueva junta de directores y oficiales de la corporación en una reunión que fue impugnada por Hernández. En ésta se tomaron acuerdos, en los que según Hernández únicamente votaron dos directores cuando se necesita el voto de tres para la aprobación de un acuerdo. Varios de los acuerdos versaban sobre asuntos económicos que afectaban el crédito de Advanced. También, cuestionó que se pretendiera contratar a Elías como abogado de la corporación, ya que éste es un accionista.

En el proceso de adquirir jurisdicción sobre la persona de los demandados, Elías fue emplazado por edicto. De inmediato, este último solicitó la desestimación de la demanda por falta de jurisdicción sobre su persona. Indicó que "es una persona natural, residente y domiciliario del Estado de Lousiana, quien es no domiciliado de Puerto Rico, no ha tenido contactos mínimos con el foro local". Por tanto, no hay jurisdicción sobre su persona.

Además, reclamó que el pleito debía ventilarse en los tribunales de Louisiana y no en Puerto Rico, ello en vista de que Advanced tiene su única fábrica en el referido estado. Entre otras cosas, allí es donde se realizan las transacciones comerciales, la manufactura de sus productos y donde se celebran las reuniones de la Junta de Directores. Asimismo, señaló que es en Louisiana donde Advanced posee sus cuentas bancarias.

Elías sostuvo que nunca efectuó transacciones de negocio en Puerto Rico, por sí ni por medio de un agente. Alegó que "[e]l mero hecho de ser funcionarios de una corporación que hace negocios en Puerto Rico no es motivo suficiente para conferir al tribunal local jurisdicción *in personam* sobre los mismos a tenor con la regla de largo alcance cuando no son domiciliados en Puerto Rico". Las alegaciones en su contra únicamente indican que es "director, oficial y/o accionista" de Advanced, que supuestamente es abogado de Hernández y de la

corporación y que entregó unos documentos personales a Hernández. Señaló que tales alegaciones son vagas y no cumplen con los requisitos establecidos sobre jurisdicción *in personam.*

En la misma moción, Elías aceptó habér sido abogado de Hernández, pero en un pleito de desahucio por incumplimiento de un contrato de arrendamiento de las instalaciones en las que ubicaba Advanced en Louisiana, ello puesto que sí está autorizado a ejercer la profesión en el referido estado y no en Puertó Rico. Indicó que concluido el pleito, culminó toda relación abogado-cliente existente entre ambos.

Por último, en su petición de desestimación, Elías expuso que Advanced era una corporación doméstica del estado de la Florida y que conduce negocios en otro estado. "La mayoría de los miembros de la Junta de Directores... siempre han sido no domiciliarios del estado de Louisiana, incluyendo a Hernández." Ahora bien, en vista de que Advanced donde está autorizada a operar es en Louisiana, ya que posee todos los permisos y licencias exigidas en este estado, es allí donde se debería tramitar el pleito. Todos los contactos mínimos son con Louisiana y no con Puerto Rico. El referido foro dispondría de todas las controversias de manera eficiente y sin que las partes tuviesen que incurrir en gastos innecesarios.

Posteriormente, Hernández se opuso a la solicitud de desestimación, alegando que Elías sí había realizó transacciones de negocio por medio de sus agentes. Señaló que este último concedió un Proxy a Vázquez para que lo representara en una reunión de accionistas que se llevó a cabo en Puerto Rico en febrero de 2008. Ello implica la existencia de contactos mínimos con la Isla, ya que las actuaciones de Vázquez en la reunión de accionistas, en representación de Elías, constituyeron transacciones de negocio.

Además, señaló en su moción que Advanced está autorizada a hacer negocios en la Isla, así como para tener oficinas en esta jurisdicción. Destacó que la corporación fue debidamente emplazada, por lo que el TPI tenía jurisdicción para atender la demanda.

Elías replicó indicando que Vázquez fue su apoderado y no su agente, como arguye Hernández. Expuso que para lo que estaba autorizado Vázquez era para utilizar su mejor juicio y tomar algunas decisiones que serían discutidas en la reunión anual de accionistas. El poder era limitado para tal reunión, por lo que Vázquez no podía realizar gestiones adicionales a las permitidas. Señaló que este último no supervisaba, controlaba o dirigía negocio alguno a nombre propio ni a su nombre. Tampoco realizaba transacciones a favor suyo que implicaran continuidad de servicios. Por último, indicó que Vázquez no estaba autorizado para representar, contratar o comprometer indefinidamente a Elías en Puerto Rico ni en ningún otro lugar.

Luego de varios trámites procesales, entre ellos una dúplica y un escrito en respuesta a la dúplica, el 11 de septiembre de 2008, el TPI emitió la Orden aquí impugnada denegando las peticiones de desestimación presentadas por varios demandados en el pleito, incluyendo la de Elías. Solicitada la reconsideración e impugnada la determinación ante este Foro mediante el caso KLCE-2008-01522, la Orden fue notificada nuevamente conforme a los requisitos establecidos en ley en marzo de 2009.

Inconforme, este último nos plantea que el TPI erró al denegar la desestimación por falta de jurisdicción sobre la persona, cuando quedó demostrado que no está domiciliado en Puerto Rico y no ha efectuado transacciones de negocios en esta jurisdicción, por sí o mediante algún agente. Elías destaca que Hernández sólo basa sus alegaciones en supuestos contactos mínimos. No obstante, nunca ha presentado evidencia que establezca *prima facie* que existen los contactos mínimos sustanciales requeridos en nuestra jurisdicción.

Al igual que expuso ante el foro de instancia, Elías arguye que el Proxy que otorgó a Vázquez para que le representara en la reunión de accionistas celebrada en la Isla, solamente autorizaba para votar en la referida reunión, no autorizaba a realizar gestión alguna adicional ni convirtió a Vázquez en su agente.

Por su parte, Hernández se opone a los planteamientos de Elías porque éste no impugnó el método del emplazamiento, por la existencia de contactos mínimos, porque las alegaciones de la demanda se derivan de actos que ocurrieron y tuvieron efectos en Puerto Rico y porque éste asesoró legalmente a la corporación al mismo tiempo que era asesor legal suyo. Para Hernández, la diferencia entre apoderado o agente es irrelevante a este caso. Lo cierto es que Elías le concedió algún tipo de responsabilidad a Vázquez para que tomara decisiones.

## KLCE-2009-00519

Vázquez, también, solicitó desestimación de la demanda por falta de jurisdicción sobre la materia. Indicó que las alegaciones se referían a asuntos internos de una corporación organizada bajo las leyes del estado de Florida. Por tanto, era en los tribunales de ese estado donde debía ventilarse la acción y ser adjudicadas las controversias.

Además, solicitó la desestimación de la acción en lo que a él respecta por considerar que constituye una reconvención compulsoria que debió ser presentada por Hernández en un pleito que está ventilándose en la Corte de Distrito Federal y que fue instado por Vázquez. En el referido pleito federal, Vázquez reclama por alegadas actuaciones fraudulentas de Hernández en el manejo de Advanced, entre ellas un supuesto esquema ilegal de aportaciones para luego reclamarlas como un incremento en su aportación al capital.

Por último, Vázquez planteó al TPI que el pleito no debía continuarse hasta que se emplazaran todas las partes y que, de no desestimarse la totalidad de la demanda, al menos debía desestimarse la solicitud de remedios interdictales por no ser procedente. Señaló que Hernández no tenía probabilidad de prevalecer en los méritos, los daños reclamados no eran irreparables, existen otros remedios legales adecuados, no hay probabilidad de que la causa de acción se torne académica y no hay un impacto sobre el interés público.

Posteriormente, Hernández presentó su oposición a la solicitud de desestimación. Señaló que Advanced es una corporación que está autorizada a hacer negocios en Puerto Rico y a tener oficinas principales en esta jurisdicción. La certificación para hacer negocios expedida por el Departamento de Estado del Estado Libre Asociado de Puerto Rico, el 27 de enero de 2007, es un consentimiento de Advanced para ser demandada en el foro local.

Respecto al pleito federal, Hernández indicó que fue demandado en su capacidad personal y no como accionista. Vázquez tampoco demandó a Advanced ni a algún otro accionista. Sin embargo, el pleito en el foro local es una acción derivativa de accionista minoritario en la que se incluyeron como demandados a la corporación y a sus demás accionistas.

En su réplica, Vázquez reiteró que la reclamación de Hernández se basaba en una disputa interna entre los accionistas y directores por el control y la administración de Advanced. Así las cosas, al ser una compañía creada e incorporada al amparo de las leyes de Florida, es allí en donde debía dilucidarse la controversia. La certificación autorizando la realización de negocios en Puerto Rico por sí sola no es suficiente para que la acción judicial sea tramitada en el foro local. Destacó que la falta de jurisdicción era sobre la materia, además de que Hernández no citó fuentes de derecho en apoyo a sus planteamientos. Por el contrario, Vázquez señaló haber citado jurisprudencia que estableció que toda disputa sobre algún asunto interno de la corporación relacionada al control y manejo de ésta, será tramitada en el estado en donde la corporación fue creada.

Transcurridos varios trámites procesales, el TPI emitió la Resolución aquí impugnada, denegando la solicitud de desestimación. Vázquez acudió ante este Foro en el caso KLCE-2008-01522, el cual fue desestimado por prematuro, ya que la notificación de la Orden fue defectuosa.

Luego de notificada conforme a derecho, Vázquez acude ante este Tribunal y nos plantea que erró el TPI al declararse sin jurisdicción sobre la materia, que las alegaciones de Hernández son objeto de una reconvención compulsoria en el pleito federal que se está ventilando simultáneamente y al no desestimar los remedios interdictales y en aseguramiento de sentencia.

Vázquez arguye que es en el estado de Florida donde se deben ventilar las reclamaciones para que se le reconozca a Hernández su aparente participación mayor. Expone que éste solicita el reconocimiento de una participación mayor, impugna la elección de la Junta de Directores, reclama a los demás accionistas por alegada violación al deber de fiducia, reclama daños, solicita la destitución de los demandados de las posiciones que ocupan dentro de la corporación y que se nombre a un síndico que administre a Advanced.

También nos plantea Vázquez que el TPI no fundamentó su determinación. Puntualiza que las solicitudes de desestimación estaban basadas en alegaciones diferentes, por lo que debieron ser atendidas cada una de ellas.

Respecto al planteamiento de reconvención compulsoria, Vázquez nos indica que su reclamación en el foro federal está basada en el RICO Act, ley que le confiere una causa de acción a los perjudicados por esquemas fraudulentos. Específicamente, alegó que Hernández unilateralmente tomó decisiones que afectaron la administración de Advanced; que se nombró a sí mismo presidente y oficial de la corporación sin autorización de los demás directores y accionistas; que realizó depósitos y transferencias electrónicas a la cuenta bancaria de Advanced con el propósito de incrementar su interés propietario, ya que reclamó como aportaciones al capital en lugar de solicitar reembolsos, pasando por alto el límite de capital contribuido que fue fijado por todos los accionistas; y, por último, que asumió el control absoluto y exclusivo de la corporación provocando pérdidas onerosas. Así las cosas, ambos pleitos versan sobre la administración y el control interno de Advanced. Por tanto, la acción en el foro local debió ser una reconvención compulsoria en la acción ante el foro federal, aun cuando Hernández incluyera en su acción a otras partes que no fueron incluidas en el pleito federal. Además, porque no es una acción derivativa la de Hernández, sino que también es personal.

Por último, sobre los remedios interdictales y en aseguramiento de sentencia, éstos advinieron académicos en el momento en que se determinó que el pleito sería tramitado por la vía ordinaria.

Por su parte, Hernández se opone a los planteamientos de Vázquez porque Advanced es una compañía autorizada a realizar negocios en Puerto Rico, por lo que la acción puede tramitarse en el foro local. Además, sostiene que entre el pleito federal y el de epígrafe no hay identidad de partes y, por ende, su acción no puede considerarse como una reconvención compulsoria. También, arguye que nunca ha renunciado a su solicitud de remedios interdictales. "El hecho de que el caso de epígrafe se atienda por la vía ordinaria no implica que no se puedan solicitar remedios provisionales al amparo de las Reglas de Procedimiento Civil."

Seguido, Vázquez replicó reiterando sus planteamientos. Expuesta la posición de las partes, procedemos con la discusión del derecho aplicable.

## II

### A. Jurisdicción *in personam*

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y que no tenemos discreción para asumirla allí donde no la hay. Ello nos lleva a concluir que las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras. *Szendrey v. F. Castillo Family Properties, Inc.,* Opinión del 16 de enero de 2007, **2007 J.T.S. 12**.

Siendo ello así, le corresponde a los foros adjudicativos examinar su propia jurisdicción. Una vez un

tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Id.*

Cada estado posee jurisdicción sobre los demandados, siempre y cuando éstos estén en él domiciliados o que se encuentren dentro de sus límites territoriales. *Medina v. Medina,* 161 D.P.R. 806 (2004); *Shuler v. Shuler,* 157 D.P.R. 707 (2002); *Peguero v. Hernández Pellot,* 139 D.P.R. 487 (1995). No obstante lo anterior, la regla general sobre jurisdicción *in personam* tiene sus excepciones. En caso de configurarse una de estas excepciones, los tribunales pueden ejercer jurisdicción sobre la persona de un demandado no domiciliado, esto es, ausente de los límites territoriales. *Medina y. Medina, supra; Shuler v. Shuler, supra; Ind. Siderúrgica v. Thyessen,* 114 D.P.R. 548 (1983).

Ahora bien, cualquiera que sea la base que el tribunal tenga para adquirir jurisdicción sobre una persona, no hay duda de que el emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado que existe un procedimiento judicial en su contra, y por medio de éste, el tribunal adquiere jurisdicción sobre dicha persona. *Medina v. Medina, supra; Rivera v. Jaume,* 157 D.P.R. 562 (2002); *First Bank of P.R. v. Inmob. Nac., Inc.,* 144 D.P.R. 901 (1998); *Acosta v. A.B.C., Inc.,* 142 D.P.R. 927 (1997).

El emplazamiento es un mecanismo procesal de honda raíz constitucional mediante el cual el tribunal adquiere jurisdicción sobre la persona del demandado. El propósito del emplazamiento es notificar a una persona sobre la presentación de una acción judicial en su contra, de manera que ésta pueda, si así lo desea, comparecer para ser oída y defenderse de la reclamación en su contra. *Peguero v. Hernández Pellot, supra.*

La cláusula del debido procedimiento de ley de la Constitución de Estados Unidos limita el poder de nuestros tribunales, así como el de los tribunales de los estados de la nación americana, para asumir jurisdicción y dictar sentencia contra personas naturales o jurídicas no domiciliadas. *Id; Ind. Siderúrgica v. Thyessen,* 114 D. P.R. 548 (1983).

Los tribunales de un Estado sólo pueden ejercer jurisdicción sobre las personas que residen dentro del territorio del Estado. La función judicial de los tribunales, como parte del ejercicio del poder soberano del Estado, se circunscribe generalmente a personas presentes o bienes ubicados dentro de los límites territoriales del Estado. *Shuler v. Shuler, supra; Riego Zúñiga v. Líneas Aéreas Costarricenses,* 139 D.P.R. 509 (1995). De tal manera está configurado el llamado principio de territorialidad.

Sabido es, además, que esta regla general sobre jurisdicción *in personam* tiene sus excepciones. De configurarse alguna de tales excepciones, los tribunales de un Estado, incluyendo Puerto Rico, pueden ejercer jurisdicción sobre la persona de un demandado no domiciliado, ausente de sus límites territoriales. *Shuler v. Shuler, supra.* La Regla 4.7 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.7, sobre el emplazamiento a un no domiciliado dispone que:

"(a) Cuando la persona a ser emplazada no tuviere un domicilio en Puerto Rico, el Tribunal General de Justicia de Puerto Rico tendrá jurisdicción personal sobre dicha persona, como si se tratare de un domiciliado del Estado Libre Asociado de Puerto Rico, si el pleito o reclamación surgiere como resultado de dicha persona:

(1) Haber efectuado por sí o por su agente, transacciones de negocio dentro de Puerto Rico; o

(2) haber participado, por sí o por su agente, en actos torticeros dentro de Puerto Rico; o

(3) haberse envuelto en un accidente mientras, por sí o por su agente manejare un vehículo de motor en Puerto Rico; o

(4) haberse envuelto en un accidente en Puerto Rico en la operación, por sí o un agente, de un negocio de transportación de pasajeros o carga en Puerto Rico o entre Puerto Rico y Estado Unidos o entre Puerto Rico y un país extranjero o el accidente ocurriere fuera de Puerto Rico en la operación de dicho negocio cuando el contrato se hubiere otorgado en Puerto Rico; o

(5) ser dueño o usar o poseer, por sí o por su agente, bienes inmuebles sitos en Puerto Rico."

Es menester indicar que, a tenor con lo resuelto por el Tribunal Supremo de Estados Unidos en *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), para que un tribunal esté facultado para ejercer su jurisdicción sobre la persona de un demandado no residente, no domiciliado, el debido proceso de ley requiere estrictamente que éste tenga o haya tenido **contactos mínimos** con el foro que pretende ejercer tal autoridad. Ello requiere, además, que la causa de acción ante la consideración del tribunal surja o esté relacionada con tales contactos, de suerte que el ejercicio de su jurisdicción no infrinja las nociones tradicionales del trato justo y de justicia sustancial enraizadas en el ordenamiento y principios constitucionales. Es preciso que los contactos surjan del demandado hacia el foro, de manera que se haya forjado una relación recíproca entre el demandado, el foro, y el litigio que está pendiente de resolución por el tribunal. (Énfasis nuestro). *Shuler v. Shuler, supra.*

Aun bajo la doctrina de los contactos mínimos, se requiere que el contacto dentro de la jurisdicción resulte de un acto afirmativo de la parte demandada. Es esencial en cada caso que concurra un acto de la parte demandada mediante el cual deliberadamente se aproveche de las ventajas que ofrece el foro, invocando así los beneficios y la protección que brindan las leyes de ese estado. *Id.*; *A.H. Thomas, Co. v. Tribunal Superior,* 98 D. P.R. 883 (1970).

Por otro lado, cuando se trata de una corporación foránea, la cual está organizada bajo las leyes de cualquier otra jurisdicción, igualmente deberá diligenciarse un emplazamiento para adquirir jurisdicción sobre ella. Se entregará el emplazamiento o cualquier orden, notificación o reclamación a través de su agente residente. Pero si la corporación no tiene agente residente, o si no pudo ser hallado luego de empleada diligencia razonable, se podrá enviar el emplazamiento por correo registrado o certificado con acuse de recibo, al secretario de la corporación en la oficina designada, según se desprenda del certificado de autorización del informe anual más reciente de la entidad. C. Díaz Olivo, *Corporaciones*, San Juan, Publicaciones Puertorriqueñas, Inc., 1999, pág. 314. Indica además que:

"En la medida que una corporación haga negocios en otra jurisdicción que no sea la de su incorporación, tendrá que pedir autorización a tales efectos a ese foro estatal. De ordinario, esta autorización se solicita al Departamento de Estado, presentando un certificado con cierta información requerida por el estatuto, y designando una oficina y un agente residente en la jurisdicción.

...

... para efectos corporativos, "hacer negocios" significa: la realización de una serie de actos similares con el propósito de obtener ganancia o lograr algún objetivo, o incluso la realización de un sólo acto si se efectúa con el propósito de iniciar una serie de tales actos."

Es de extrema importancia tener claro que el concepto "hacer negocios" que utiliza la legislación corporativa no es el mismo concepto que el de "transacciones de negocio" utilizado por las Reglas de Procedimiento Civil, o el de "industria o negocio en Puerto Rico" de la legislación contributiva. *Id.*, a las págs. 302 y 303.

Resulta claro que cuando una corporación foránea hace negocios en Puerto Rico y cumple con lo requerido en la Ley de Corporaciones, 14 L.P.R.A. § 2601 *et seq.*, se ha sometido a nuestra jurisdicción.

Aunque, claro está, el poder del Estado sobre la corporación foránea es más limitado. *Id.*, pág. 305.

Es importante señalar que en el Artículo 13.04 de la Ley de Corporaciones, 14 L.P.R.A. § 3164, se disponen las actividades que no serán consideradas como "hacer negocios":

"1. entablar, defender o transigir cualquier proceso judicial;

2. llevar a cabo reuniones de la junta de directores o los accionistas u otras actividades relacionadas con los asuntos corporativos internos;

3. tener cuentas bancarias;

4. mantener oficinas o agencias para el traspaso, canje e inscripción de los valores propios de la corporación o mantener fiduciarios o depositarios con respecto a dichos valores;

5. vender a través de contratistas independientes;

6. solicitar u obtener órdenes, sea a través del correo o a través de empleados o agentes o de otra manera, si se deben aceptar tales órdenes fuera del Estado Libre Asociado antes de que surja la obligación contractual;

7. crear o adquirir deudas, hipotecas o garantías de bienes muebles o inmuebles;

8. garantizar o cobrar deudas o ejecutar hipotecas o garantías en las propiedades que garantizan las deudas;

9. ser titular, sin más, de bienes muebles o inmuebles;

10. realizar una acción aislada que se complete durante el término de treinta (30) días y no sea una de una serie de naturaleza similar."

Tales actividades son para efectos de calificar para la expedición del certificado de autorización. El que en la legislación corporativa no se considere que una corporación foránea está haciendo negocios en Puerto Rico, no significa que no esté sujeta a nuestra jurisdicción para efectos de imponer contribuciones a su actividad y ventilar localmente acciones judiciales iniciadas en su contra. C. Díaz Olivo, *Corporaciones, supra*, pág. 312.

## B. Jurisdicción sobre la materia

Carecer de jurisdicción sobre la materia significa carecer de la autoridad y del poder necesario para entender en un asunto. *Roberts v. USO Council of P.R.,* 145 D.P.R. 58 (1998). Este planteamiento puede hacerse en cualquier etapa del procedimiento, por cualquiera de las partes, o por el tribunal *motu proprio*. *Vázquez v. ARPE,* 128 D.P.R. 513, 537 (1991).

La falta de este tipo de jurisdicción conlleva las siguientes consecuencias inexorablemente fatales: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso; (6) y el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal motu proprio. En conclusión, la falta de jurisdicción sobre la materia acarrea la nulidad de todo procedimiento. *Roberts v. USO Council of P. R., supra.*

- Es importante indicar que para privar a un tribunal de jurisdicción general de su autoridad para entender en algún asunto particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria. *Junta Dir. Cond. Montebello v. Fernández,* 136 D.P.R 223, 230(1994).

En el presente caso en que se plantea la falta de jurisdicción de la materia, puesto que la impugnación de los asuntos internos de una corporación debe ser atendida por el tribunal del estado en donde fue incorporado, el tratadista norteamericano W. M. Fletcher indica que:

"The current doctrine is that a court, in its discretion, may exercise jurisdiction over the internal affairs of a foreign corporation, basing its determination on the balance of equities. However, the courts are in agreement that it is not always easy to distinguish between controversies that fall within the doctrine and those that fall outside of it. The general rule is that if the act in question affects the plaintiff only as a member of the corporation (i.e., shareholder, director, president or officer) and is an act of the corporation, then the act will be construed as involving the internal affairs of the corporation and the state courts will not take jurisdiction. However, if the foreign corporation's act affects the plaintiff as an individual, many state courts will take jurisdiction. This test has been accepted by many courts as furnishing at least general abstract rule that may be followed, subject to such qualifications and modifications as may be imposed by the facts and circumstances of the particular case before the court." 17 *Fletcher Cyclopedia of the Law of Private Corporations: Foreign Corporations,* § 8429 (2006).

Debemos indicar que Vázquez cita a *CTS Corp. v. Dynamics Corp. of America,* 481 U.S. 69 (1987), en apoyo a su argumento de que los pleitos sobre asuntos internos deben ser atendidos en el foro en donde se incorporó Advanced. En este caso se impugnó la determinación de la Corte de Apelaciones para el Séptimo Circuito de Estados Unidos respecto a que la Ley Williams había ocupado el campo de las disposiciones estatales sobre la adquisición de acciones en una corporación, incluyendo la ley de corporaciones de Illinois. El Tribunal Supremo de Estados Unidos revocó indicando que:

"So long as each State regulates voting rights only in the corporations it has created, each corporation will be subject to the law of only one State. No principle of corporation law and practice is more firmly established than a State's authority to regulate domestic corporations, including the authority to define the voting rights of shareholders. See *Restatement (Second) of Conflict of Laws §304* (1971) (concluding that the law of the incorporating State generally should "determine the right of a shareholder to participate in the administration of the affairs of the corporation").

Asimismo, Vázquez cita otro caso del Tribunal Supremo de Estados Unidos, *Edgar v. MITE Corp.,* 457 U. S. 624 (1982), en el cual dicho foro expresó que:

"The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs -- matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders -- because otherwise a corporation could be faced with conflicting demands."

## III
**- Proxy -**

Conforme al Artículo 7.02 (B) de la Ley de Corporaciones, 14 L.P.R.A. § 2902, un accionista puede facultar a un tercero para que ejerza el derecho al voto que le corresponde por ser titular de una acción por medio de un Proxy o voto por poder. Este poder no se usará para votar o actuar después de tres años de haber sido emitido, a menos que en él específicamente se provea un término mayor.

El voto por poder es una especie de mandato; el accionista es el mandante, y la persona a quien se concede el derecho al voto es el mandatario o apoderado. Este último tendrá unos poderes y facultades idénticos a los que posee el accionista y así podrá ejercerlos, a menos que en el nombramiento se limiten o condicionen por instrucción especial. Cuando el poder no fue limitado de ninguna forma, las facultades del apoderado, las actuaciones en la reunión y el voto ejercido por éste, se presumirán válidos y que representan la voluntad y el sentir del accionista. C. Díaz Olivo, *Corporaciones, supra*, pág. 211.

Cuando el voto por poder haya sido limitado o condicionado, el tenedor de éste deberá actuar cumpliendo con las obligaciones de lealtad y de fiducia inherentes al concepto del mandato. *Id.*

En el inciso (C) del mismo artículo, *supra*, se dispone lo siguiente sobre el otorgamiento del poder:

"1. Un accionista puede otorgar un documento autorizando a otra persona o personas a actuar por él como apoderado. El otorgamiento podrá efectuarse mediante el accionista o por su oficial, director o empleado o agente autorizado firmando dicho documento o permitiendo que su firma sea estampada en dicho documento mediante cualquier método razonable tal como el uso de un facsímile.

2. Un accionista podrá autorizar a otra persona a actuar por él como apoderado transmitiendo o autorizando la transmisión de un telegrama, cablegrama, o cualquier otro método de transmisión electrónica a la persona que va a ser el tenedor del poder o a otra persona o agente debidamente autorizado por la persona que va a ser el tenedor del poder a recibir dicha transmisión, disponiéndose que dicho telegrama, cablegrama u otros métodos de transmisión electrónica deberán incluir información que permita una determinación de que el telegrama, cablegrama u otra transmisión electrónica fue autorizada por el accionista. Si se determinase que dichos telegramas, cablegramas u otras transmisiones electrónicas son válidas, los inspectores o, si no hay inspectores, aquellas otras personas que hagan dicha determinación, especificarán la información sobre la cual actuaron."

Es importante señalar que "[u]n poder otorgado debidamente será irrevocable si en él así consta y si está acompañado de un interés que justifique en derecho un poder irrevocable. Un poder podrá ser irrevocable independientemente de que el interés al cual acompaña, sea en la acción misma o en la corporación en general". Artículo 7.02(E), *supra*.

## IV

En el presente caso se plantean las siguientes interrogantes: (1) falta de jurisdicción sobre la persona de Elías por no ser domiciliado, por no haber tenido contactos mínimos con la Isla y porque el Proxy que le concedió a Vázquez era únicamente para efectos de votación sobre los asuntos internos a discutirse en la reunión de la Junta de Directores; (2) falta de jurisdicción sobre la materia, puesto que la causa de acción versa sobre asuntos internos y de administración de Advanced, y la doctrina establecida requiere que tales acciones sean tramitadas en el estado en donde la corporación fue incorporada; (3) que los argumentos presentados en la demanda de Hernández debieron ser presentados en contra de Vázquez como una reconvención compulsoria en el pleito que se está litigando en el Tribunal Federal por éstos dos; (4) y que los remedios interdictales y en aseguramiento de sentencia debieron haber sido desestimados.

Primeramente, atendemos el planteamiento sobre la jurisdicción de los tribunales de Puerto Rico para atender la materia en cuestión. Vázquez sostiene que es el tribunal del estado de Florida el que posee jurisdicción para atender la impugnación a las decisiones tomadas en la reunión de la Junta de Directores celebrada en Puerto Rico. Señala que es norma establecida en el derecho de corporaciones, que los asuntos internos y de administración son dilucidados en el foro donde la corporación está domiciliada. Dado que esta controversia no ha sido discutida en nuestra jurisdicción, en apoyo a su planteamiento citó jurisprudencia federal y a uno de los tratadistas federales expertos en la materia de corporación.

Examinado el derecho citado por Vázquez, se desprende que como norma general· los asuntos de índole interna y administrativa de una corporación, son dilucidados en el estado en donde se efectuó la incorporación. Ello se debe, más bien, a cierta deferencia que se le concede al foro en donde la corporación está domiciliada por estar en mejor posición para interpretar sus propios estatutos aplicables. No obstante, se destaca la discreción de los tribunales de cada estado para optar por atender o no la controversia, dependiendo de a quién afectó là corporación foránea con sus actuaciones.

En atención a ello y en vista de que el propósito de la reunión de la Junta de Directores era la discusión de asuntos relacionados a la emisión de acciones y al supuesto esquema fraudulento creado por Hernández para el aumento en su aportación y la apropiación de la corporación, consideramos que es en los tribunales del estado de Florida donde debe atenderse el reclamo. Es este estado quien puede interpretar su propia ley de corporaciones y todo lo relativo a las acciones de la corporación que fue allí incorporada. No le corresponde a los tribunales de Puerto Rico interpretar estatutos de otra jurisdicción.

Establecido ello, resolvemos que no existe jurisdicción sobre la materia en el presente caso. Una Sentencia nuestra sería ineficaz, puesto que la ley aplicable a la controversia es foránea. Por tanto, se desestima la demanda presentada por Hernández en su totalidad.

Resuelto ello, estimamos necesario aclarar en relación al recurso presentado por Elías que, aun de no haberse desestimado la totalidad de la demanda, no había jurisdicción sobre su persona. Ello, en vista de que este accionista de Advanced es domiciliado en el estado de Louisiana y no quedó demostrado que hubiese tenido contactos mínimos con la Isla.

Según indicáramos en la discusión del derecho, conforme a la Ley de Corporaciones, *supra*, las reuniones que realice la Junta de Directores o los accionistas en otra jurisdicción u otras actividades relacionadas con los asuntos corporativos internos, no están consideradas dentro del concepto de "hacer negocios". Ahora bien, ello no necesariamente implica la inexistencia de contactos mínimos, de forma que los tribunales no puedan asumir jurisdicción sobre la persona. La determinación será a la luz de los hechos en cada caso.

Examinados los hechos, no encontramos que Hernández sustentara su alegación de contactos mínimos de Elías con datos sobre actuaciones realizadas dentro de nuestra jurisdicción. Salvo, el Proxy otorgado a Vázquez para que votara por él en la reunión de la Junta de Directores, no surgen actuaciones afirmativas de éste con el propósito de beneficiarse de las ventajas ofrecidas en el foro local. La reunión de la Junta de Directores fue únicamente para la discusión de asuntos de administración de la corporación. No hay evidencia que demuestre que Vázquez actuara o le representara en algunas otras transacciones. Por tanto, conforme a las alegaciones y a la evidencia sometida, no se dieron los contactos necesarios por parte de Elías hacia este foro, de manera que se haya forjado una relación recíproca entre él, el foro y el litigio que está pendiente de resolución.

En virtud de lo antes expuesto, resolvemos que los demás planteamientos de error no ameritan ser discutidos. No procede asumir jurisdicción donde no la hay, por lo que se ordena la desestimación de la acción.

## V

Por los fundamentos anteriormente expuestos, expedimos los autos de *certiorari* y revocamos la Orden impugnada. Por tanto, se desestima la demanda de epígrafe, presentada por Hernández.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones