Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| AIDA LUCILA RIVERA MORALES<br><br>Peticionaria<br><br>v.<br><br>GABRIEL ARGENIS MORALES<br><br>Recurrido | KLCE202500087 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso núm.: CA2024CV02233 (405)<br><br>Sobre: Exequátur |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio y el juez Rodríguez Flores.

Sánchez Ramos, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2025.

El Tribunal de Primera Instancia ("TPI") desestimó una acción civil por supuesta tardanza en el diligenciamiento de un emplazamiento. Según se explica a continuación, concluimos que cometió un patente error de derecho el TPI, pues a dicho foro se le acreditó que el emplazamiento por edicto se diligenció dentro del término aplicable.

I.

El **11 de julio** de 2024, la Sa. Aida Lucila Rivera Morales (la "Demandante") presentó la acción de referencia, sobre exequátur (la "Demanda"), en contra del Sr. Gabriel Argenis Morales (el "Demandado"). Se alegó que el Demandado es residente del estado de New York y que se conoce la dirección postal de este.

En esa misma fecha, la Demandante le solicitó al TPI autorización para emplazar por edicto, sobre la base de la residencia conocida del Demandado, fuera de Puerto Rico.

El 12 de julio, el TPI emitió una Orden mediante la cual dispuso que la Demandante debía "agot[ar] renuncia a

emplazamiento" antes de que se pudiese considerar la autorización de emplazar por edicto.

El 22 de agosto, la Demandante presentó otra solicitud de emplazamiento por edictos. Informó que, "para evitar controversias", el 31 de julio, se le había enviado al Demandado la solicitud de renuncia al emplazamiento por correo certificado con acuse de recibo. Se indicó que la correspondencia había sido devuelta por el correo.

Mediante una Orden emitida el 26 de agosto (notificada el 30 de agosto), el TPI denegó la solicitud de emplazamiento por edicto. El TPI ordenó a la Demandante corregir la dirección, por considerar que la correspondencia fue devuelta "por la manera en la que está redactada la dirección".

El 13 de septiembre, la Demandante solicitó reconsideración. Planteó que la dirección utilizada era la correcta y que había certeza sobre ello, por lo cual era innecesario enviar otra vez una solicitud de renuncia al emplazamiento. Además, arguyó que, en estas circunstancias, no era necesario realizar diligencias para emplazar personalmente.

Mediante una Orden notificada el 1 de octubre, el TPI denegó la referida moción de reconsideración.

El 21 de octubre, la Demandante solicitó una vez más que se autorizara el emplazamiento por edicto. Indicó que, el 14 de septiembre, se le había enviado nuevamente al Demandado la solicitud de renuncia al emplazamiento. Se acreditó que, el 1 de octubre, se había recibido el correspondiente acuse de recibo firmado y devuelto por el Demandado. Al no haber renunciado el Demandado al emplazamiento dentro del término aplicable, a pesar de haberse demostrado que este recibió la solicitud de renuncia, la Demandante insistió en que lo procedente era que se autorizara el emplazamiento por edicto.

Mediante una Orden emitida y notificada el **25 de octubre** (la "Autorización"), el TPI autorizó que se emplazara por edicto al Demandado.

El 27 de noviembre, notificada el 2 de diciembre, el TPI emitió una Sentencia (la "Sentencia") mediante la cual desestimó sin perjuicio la Demanda. El TPI razonó que no se había emplazado "en el término de 120" días.

El 4 de diciembre, la Demandante solicitó la reconsideración de la Sentencia. Señaló que el emplazamiento por edicto no se expidió hasta el 25 de octubre y que, de todas maneras, el edicto se había publicado el 31 de octubre en el periódico El Nuevo Día. También se acreditó que, el 31 de octubre, se había enviado copia de la Demanda, de la Autorización y del edicto a la última dirección conocida del Demandado.

Mediante una Orden notificada el 3 de enero, el TPI denegó la moción de reconsideración de la Sentencia.

El 31 de enero, la Demandante presentó el recurso que nos ocupa. Resaltó que el emplazamiento por edicto se publicó y envió al Demandado el 31 de octubre, antes de que transcurrieran 120 días desde la presentación de la Demanda. De todas maneras, planteó que la norma es que, con la Autorización, comenzó un nuevo término de 120 días para diligenciar el emplazamiento por edicto, el cual no vencía hasta finales de febrero de este año, casi tres meses luego de que se emitiera la Sentencia. Consignó que, luego de presentada la moción de reconsideración de la Sentencia, se había recibido el affidavit del periódico acreditando la publicación del edicto el 31 de octubre. Resolvemos.

II.

El emplazamiento es el mecanismo mediante el cual los tribunales adquirimos jurisdicción sobre una persona y, a su vez, esta queda notificada de que existe un procedimiento judicial en su

contra, y se le requiere comparecer para formular la alegación que corresponda. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015); *Medina v. Medina*, 161 DPR 806, 818 (2004). De esta forma, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 30 (2014).

La Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4, es la que reglamenta el proceso y las formalidades del emplazamiento en los pleitos civiles. Reconoce dos métodos para diligenciar el emplazamiento: de forma personal o mediante edicto. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Sin embargo, por excepción y en circunstancias específicas, nuestro ordenamiento permite que se utilice el mecanismo del emplazamiento por edicto. *Caribbean Orthopedics*, *supra*.

En lo aquí pertinente, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, gobierna todo lo relacionado con el emplazamiento por edictos y su publicación. Al respecto, se autoriza al tribunal a dictar una orden para disponer que el emplazamiento se haga por un edicto sin que sea requerido un diligenciamiento negativo como condición previa en cuatro (4) situaciones determinadas: **1) cuando la persona a ser emplazada esté fuera de Puerto Rico**; 2) cuando la persona a ser emplazada, aunque se encuentre en Puerto Rico, no puede ser localizada después de realizadas las diligencias pertinentes; 3) cuando la persona a ser emplazada, estando en Puerto Rico, se oculta para no ser emplazada; y (4) cuando se trata de una corporación extranjera sin agente residente. Véase, *Rivera v. Jaume*, 157 DPR 562, 576 (2002).

En *Rivera v. Jaume*, 157 DPR a las págs. 576-577, se estableció que, si el demandado está fuera de Puerto Rico y se conoce su dirección, no es necesario intentar citarle personalmente:

En los casos en que el demandado se encuentre fuera de Puerto Rico y la parte demandante ignora la dirección del demandado fuera de Puerto Rico, se exige prueba de las diligencias específicas para localizar al demandado antes de expedir el emplazamiento por edicto y relevar al demandante del envío por correo de los documentos pertinentes. Por el contrario, **cuando el demandado se encuentra fuera de Puerto Rico, y al demandante le consta el lugar específico donde éste se encuentra y así lo informa al tribunal, no se requiere la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente**, y es compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edictos y el edicto mismo. (Énfasis provisto).

Es decir, en aquellos casos cuando el demandado se encuentra fuera de Puerto Rico y se desconoce su dirección, se exige prueba de las diligencias específicas realizadas para localizarle, antes de expedir el emplazamiento por edicto y relevar a la parte demandante del envío por correo de los documentos correspondientes.

Por el contrario, "cuando el demandado se encuentra fuera de Puerto Rico, y al demandante le consta el lugar específico donde éste se encuentra y así lo informa al tribunal, no se requiere la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente". *Rivera*, 157 DPR a la pág. 577[1]. Es entonces compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edictos y el propio edicto.

Por otro lado, la orden que autoriza el emplazamiento por edicto dispondrá, además, "que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte

---

[1] Nota al calce en el original: [v]éase J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS, 2000, T. I, pág. 175.

demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo ..., al lugar de su última dirección física o postal conocida." Regla 4.6 de las de Procedimiento Civil, *supra*. Ahora bien, esta disposición provee para que el demandante pueda ser relevado del requisito de notificación si justifica, mediante declaración jurada, a satisfacción del tribunal, que, a pesar de los esfuerzos dirigidos a encontrar una dirección física o postal, ello no fue posible. *Íd.*

De otra parte, en cuanto al término para diligenciar un emplazamiento, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, 4.3 (c), establece que "[e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto". Una vez transcurrido dicho término sin que el emplazamiento haya sido diligenciado, "el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos". *Íd.*

Sobre el diligenciamiento del emplazamiento personal, expedido el mismo, la parte que lo solicita cuenta con un término improrrogable de ciento veinte (120) días para diligenciarlo. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018); *Sánchez Ruiz*, 203 DPR a la pág. 991. Si en ciento veinte (120) días el demandante no ha podido diligenciar el emplazamiento, automáticamente se desestimará su causa de acción. *Bernier González, supra*.

De otro lado, al solicitar el emplazamiento por edictos, el término improrrogable de ciento veinte (120) días para emplazar comienza a transcurrir cuando se autoriza y se expide el emplazamiento por edicto. *Sánchez Ruiz*, 203 DPR a la pág. 994. Para ello, la parte demandante tiene que solicitar su expedición

antes de que finalice el término para diligenciar el emplazamiento personal. *Íd.* Así pues, una vez se intenta sin éxito emplazar personalmente a un demandado, y tras acreditar las diligencias realizadas para citarlo personalmente se solicita emplazarlo por edictos dentro del plazo de ciento veinte (120) días, comienza a decursar un nuevo término improrrogable de ciento veinte (120) días para emplazar por edictos, una vez se expida el correspondiente emplazamiento. *Sánchez Ruiz, supra*; *Bernier González*, 200 DPR a la pág. 650.

III.

Surge claramente del récord que, de conformidad con las normas pertinentes, de carácter sencillo y bien establecidas hace tiempo, el TPI erró al desestimar la Demanda.

En primer lugar, la Demandante le comunicó al TPI que el emplazamiento por edicto se había publicado, y envido al Demandado, el 31 de octubre, es decir, dentro del término de 120 días desde la presentación de la Demanda. Si el problema era que el TPI aún no tenía ante sí el affidavit del periódico, debió concederle un término razonable a la Demandante para producirlo, pues lo crucial es que se diligencie el emplazamiento oportunamente, aunque ello se acredite luego de expirado el término.

En segundo lugar, y más importante aún, cuando el TPI emitió la Sentencia, y cuando luego denegó reconsiderarla, el término realmente aplicable para diligenciar el emplazamiento por edicto ni siquiera había culminado. Al emitirse la Autorización el 25 de octubre, **comenzó a transcurrir un nuevo término de 120 días** para emplazar, **el cual no expiraba hasta finales de febrero de 2025**.

En efecto, la norma es que, "una vez se intenta emplazar personalmente a un demandado sin éxito y se solicita dentro del plazo de ciento veinte días emplazarlo por edictos, tras acreditar las

diligencias realizadas para citarlo personalmente, **comienza a decursar un nuevo término improrrogable de ciento veinte días** para emplazar por edictos, una vez se expida el correspondiente emplazamiento." *Sánchez Ruiz,* 203 DPR a la pág. 982 (énfasis suplido).

Por tanto, el TPI cometió un grave, patente e inexplicable error al desestimar la Demanda por supuesta tardanza en emplazar. La norma de derecho está bien establecida, esta norma se llevó a la atención del TPI por la Demandante, y el tracto procesal del caso claramente demostraba que el término para emplazar no había expirado de conformidad con la referida norma.

En fin, el Demandado fue oportunamente y correctamente emplazado, y procede que el TPI adjudique los méritos de la Demanda.

IV.

Por los fundamentos expuestos, se expide el auto de *certiorari,* se revoca la Sentencia recurrida y se ordena la continuación de los procedimientos de conformidad con lo aquí resuelto y expuesto.

**Al amparo de la Regla 35 de nuestro Reglamento,[2] el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[2] Regla 35 (A)(1): "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**." 4 LPRA Ap. XXII-B R. 35.