Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL DEVELOPMENT<br><br>Demandante-Apelado<br><br>Vs.<br><br>LUIS RAÚL LÓPEZ FERRER, ADNERIS MARCANO DÍAZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUETA POR AMBOS;<br><br>Demandados-Apelantes<br><br>ESTADOS UNIDOS DE AMÉRICA<br>Demandado | TA2026AP00027 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.<br><br>TA2025CV00489<br><br>Sala: 201-B<br><br>Sobre:<br><br>COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA POR LA VÍA ORDINARIA |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2026.

Comparece ante nos el señor Luis Raúl López Ferrer, la señora Adneris Marcano Díaz y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, los apelantes), mediante un recurso de apelación y nos solicitan la revisión de la *Sentencia Sumaria* emitida y notificada el 5 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala de Toa Alta. En esta, declaró *Ha Lugar* una demanda sobre cobro de dinero y ejecución de hipoteca promovida por la parte aquí apelada, United States Department of Agriculture, Rural Development (en adelante, USDA-RD o parte apelada).

Por los fundamentos que exponemos a continuación, se **confirma** el dictamen apelado.

### -I-

El 17 de abril de 2025, la entidad apelada presentó la demanda de epígrafe.[1] En la misma, expuso que, el 22 de enero de 1993, los apelantes suscribieron un pagaré a favor de la parte apelada, por la suma principal de $55,000.00 dólares, con intereses al 7.750% anual, el cual garantizaron mediante la constitución de una hipoteca sobre un inmueble sito en el municipio de Corozal. Agregó, que el referido pagaré fue modificado el 27 de mayo de 1997, mediante un documento intitulado *Reamortization Agreement.* De acuerdo con sus alegaciones, adujo que los apelantes incurrieron en el incumplimiento de su obligación, toda vez que realizaron su último pago, el 22 de agosto de 2010. La parte apelada sostuvo, que los apelantes adeudaban la suma total de $42,419.31 dólares por concepto del principal, más los intereses a razón del 7.750% acumulados desde la última fecha de pago.

En el pliego, alegó que los apelantes adeudaban cargos por demora correspondientes a pagos con más de 15 días de atraso desde su vencimiento, así como las costas, gastos y honorarios de abogado ascendentes de $5,500.00 dólares. Finalmente, la parte apelada incluyó un emplazamiento dirigido a los apelantes y a Estados Unidos, este último en cumplimiento con las disposiciones legales que exigen notificar al gobierno federal cuando un acreedor hipotecario presenta este tipo de reclamaciones.

El 24 de abril de 2025, se expidieron los emplazamientos dirigidos a los apelantes y a los Estados Unidos de América.[2] En cumplimiento con el trámite procesal, el 20 de junio de 2025, la parte apelada presentó *Moción Sometiendo Emplazamientos Diligenciados y en Solicitud de Referido a Mediación.*[3] En la misma,

---

[1] Apéndice del recurso, Entrada Núm. 1, págs. 1-5.
[2] *Íd.*, Entrada Núm. 3 págs. 1-4.
[3] *Íd.*, Entrada Núm. 5 págs. 1-3.

señaló que Estados Unidos de América, fue emplazada personalmente el 8 de mayo de 2025, mediante diligenciamiento efectuado a través del Fiscal Federal del Distrito de Puerto Rico, W. Stephen Muldrow. Junto a la referida moción, acompañó copia de dicho emplazamiento, y solicitó que el caso de epígrafe se refiriera a mediación.

En reacción, los apelantes presentaron el 9 de julio de 2025, *Contestación a Demanda y Reconvención.*[4] En síntesis, plantearon como defensas afirmativas que la parte apelada carecía de facultad para cobrar la referida deuda por incumplir con las disposiciones federales aplicables. A su vez, adujeron que la parte apelada dejó de acumular partes indispensables. En su reconvención, los apelantes solicitaron que se impusiera a la parte apelada el pago de $50,000.00 dólares por los daños que, según alegaron, USDA-RD ocasionó al incumplir su deber de buena fe al manejar de forma culposa o negligente el préstamo hipotecario sin cumplir con las normas federales y la jurisprudencia aplicable. De igual forma, peticionaron que se le ordenara a la parte apelada a pagar $5,500.00 dólares por concepto de gastos, costas y honorarios de abogado.

Luego de varios incidentes procesales, el 29 de octubre de 2025, los apelantes presentaron *Solicitud de Desestimación de la Demanda, por no Haberse Emplazado a la Codemandada Estados Unidos Conforme a Derecho, Dentro del Término Provisto por las Reglas de Procedimiento Civil.*[5] En esencia, sostuvieron que no se emplazó conforme a derecho a los Estados Unidos de América. Según alegaron, la parte apelada no cumplió con el imperativo constitucional del debido proceso de ley al no emplazar a la Oficina de Rentas Internas Federal (en adelante, IRS) ni al Secretario de

---

[4] *Íd.*, Entrada Núm. 9 págs. 1-15.
[5] *Íd.*, Entrada Núm. 29 págs. 1-19.

Justicia Federal en Washington, D.C. Por lo que, solicitaron la desestimación del litigio de epígrafe.

En desacuerdo, la parte apelada presentó el 18 de noviembre de 2025, *Moción en Oposición a Solicitud de Desestimación.*[6] Mediante la misma, sostuvo que Estados Unidos fue nombrado como uno de los codemandados por surgir de las constancias del Registro de la Propiedad un gravamen en rango posterior a la hipoteca objeto de ejecución. Adujo, además, que Estados Unidos no estaba obligado a pagar las sumas de dinero reclamadas en la reclamación de epígrafe, pero que estaba sujeto al resultado de los procedimientos del presente caso. Junto a la referida moción, la parte apelada acreditó un documento el cual indicaba que el 25 de abril de 2025, se notificó al US Attorney General sobre el presente litigio a la siguiente dirección: United States Department of Justice 950 Pennsylvania Ave., N.W. Washington D.C. 20530.

Posteriormente, el 20 de noviembre de 2025, la parte apelada presentó *Moción en Solicitud de Sentencia.*[7] En su pliego, reiteró las sumas adeudadas por parte de los apelantes. Planteó, que las gestiones realizadas para que los apelantes satisficieran la deuda resultaron infructuosas. En apoyo a sus argumentos, USDA-RD acompañó su solicitud sobre sentencia sumaria con los siguientes documentos: copia del pagaré suscrito por los apelantes por la cantidad de $55,000.00 dólares; declaración jurada autorizada por USDA-RD y suscrita por el señor Reginald Screen; copia de la escritura de la hipoteca en controversia; Certificación de Propiedad Inmueble expedida por el Registrador de la Propiedad de Barranquitas; requerimientos de pago; declaración jurada sobre servicio militar; acuerdo de reamortización; solicitud de producción

---

[6] *Íd.*, Entrada Núm. 33 págs. 1-3.
[7] *Íd.*, Entrada Núm. 36 págs. 1-38.

de documentos; contestación a solicitud de producción de documentos y un requerimiento de admisiones.

En respuesta, el 3 de diciembre de 2025, los apelantes presentaron *Oposición a Solicitud de Sentencia Sumaria*.[8] En virtud de la misma, alegaron que existía controversia en cuanto a si USDA-RD había cumplido con disposiciones federales y estatales para instar la causa de acción en su contra. Junto a su escrito, los apelantes anejaron una declaración jurada para sustentar sus argumentos.

Luego de entender sobre los planteamientos de ambas partes, el 5 de diciembre de 2025, el foro primario emitió el dictamen que nos ocupa. Mediante el mismo, declaró *Ha Lugar* la moción de sentencia sumaria propuesta por la parte aquí apelada. En particular, dispuso que emplazaron a las partes conforme a las Reglas de Procedimiento Civil. Además, el foro *a quo* condenó a los apelantes a pagar la suma de $42,419.31 en principal más los intereses al 7.750% anual correspondientes desde el 22 de agosto de 2010, así como los intereses acumulados, cargos por demora, créditos accesorios, subsidios y adelantos hechos en virtud de la escritura de hipoteca y la suma de $5,500.00 para el pago de costas, gastos y honorarios de abogado. A su vez, ordenó la venta en pública subasta del bien objeto de controversia si no se realizaba el pago de las sumas adeudadas. Por último, en cuanto a la reconvención presentada por los apelantes, el Tribunal desestimó la misma por no justificar la concesión del remedio que se solicitó.

Inconformes, los apelantes comparecieron ante nos mediante el presente recurso. En el mismo, exponen el siguiente planteamiento:

---

[8] *Íd.*, Entrada Núm. 44 págs. 1-26.

Erró el Tribunal a quo al dictar Sentencia Sumaria en este caso y al declarar No Ha Lugar la petición de reconsideración presentada el 16 de diciembre de 2025, haciendo abstracción del resto del Derecho, y en clara violación a los principios más básicos del debido proceso de ley que le asiste a la demandada en un procedimiento judicial y al no ordenar desestimar la demanda presentada en este caso.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, estamos en posición de disponer del asunto que nos ocupa.

**-II-**

**-A-**

La sentencia sumaria es el mecanismo procesal adecuado para resolver casos en los cuales no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. 32 LPRA Ap. V, R. 36.3(e); *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 225 (2015); *Córdova Dexter v. Sucn. Ferraiuoli,* 182 DPR 541, 555-556 (2011). Para dictar sentencia sumariamente, la parte promovente debe demostrar "la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". 32 LPRA Ap. V, R. 36.1-36.2. Su propósito es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa que trate. *Negrón Castro v. Soler Bernardini, et als,* 2025 TSPR 96, 216 DPR __ (2025); *BPPR v. Cable Media,* 2025 TSPR 1, 215 DPR __ (2025); *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 993 (2024); *Oriental Bank v. Caballero García,* 212 DPR 671, 678 (2023); Un hecho material esencial y pertinente es aquel que puede afectar el resultado de la reclamación de conformidad con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* supra, pág. 679; *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 300 (2012).

La parte opositora a la sentencia sumaria "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar de forma tan detallada y específica como lo haya hecho la parte promovente". *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 328 (2013). La parte opositora "estará obligada a demostrar que tiene prueba para sustanciar sus alegaciones". *Abrams Rivera v. E.L.A.*, 178 DPR 914, 933 (2010). El Tribunal de Apelaciones está en igual posición que el Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015); *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Corresponde al foro apelativo realizar una evaluación de *novo. Meléndez González et al. v. M. Cuebas, supra,* pág. 116. Es indispensable "analizar tanto los documentos que acompañan la solicitud como los documentos de la oposición para determinar si existe o no controversia de hechos". *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020). Es decir, como parte de nuestra función revisora, debemos evaluar todos los documentos que obren en el expediente de modo que, previo a determinar la procedencia de una solicitud de sentencia sumaria, realicemos un "balance adecuado entre el derecho de todo litigante a tener su día en corte y la disposición justa, rápida y económica de los litigios civiles". *Íd.*, pág. 808.

En consecuencia, el tribunal podrá dictar sentencia sumaria si de "las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas, y de cualquier otra evidencia ofrecida, surja que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, proceda dictar sentencia sumaria a favor de la parte promovente". *Lugo Montalvo v. Sol Meliá Vacation, supra,* pág. 225. Debido a que, son "quienes conocen de primera mano sus

respectivas posiciones, así como la evidencia disponible en el caso", las partes tienen "el deber de identificar cada uno de los hechos que estiman relevantes, al igual que la prueba admisible que los sostiene", para, de este modo, "poner al tribunal en posición de evaluar conjuntamente las versiones encontradas para cada uno de los hechos refutados a la luz de las referencias a la prueba que alegadamente los apoya". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 433-434 (2013).

### -B-

El emplazamiento es el mecanismo mediante el cual los tribunales adquirimos jurisdicción sobre una persona y, a su vez, queda notificada sobre el procedimiento judicial instado en su contra. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015); *Medina v. Medina,* 161 DPR 806, 818 (2004). De tal modo, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 30 (2014).

La Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, reglamenta el proceso y las formalidades del emplazamiento en los pleitos civiles. Reconoce dos métodos para diligenciar el emplazamiento: personal o mediante edicto. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para el tribunal adquirir jurisdicción sobre la persona del demandado. Sin embargo, por excepción y en circunstancias específicas, nuestro ordenamiento permite el emplazamiento por edicto para iguales propósitos cuando es imposible emplazar al demandado personalmente. *Íd.,* págs. 987-988.

Por su parte y pertinente al asunto que nos ocupa, citamos la Regla 4 de Procedimiento Civil Federal, la cual regula los emplazamientos en casos como el de autos:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
> **(1) _United States._** To serve the United States, a party must:
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)

### -C-

La Ley Núm. 184-2012, según enmendada, conocida como la "Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipoteca de una Vivienda Principal", tiene el propósito de proteger la residencia principal de los deudores hipotecarios ante los efectos de la crisis económica. De conformidad con el referido propósito legislativo, el Art. el Artículo 2(b) de la Ley Núm. 184-2012 provee la siguiente definición:

> En los casos en que un acreedor hipotecario pueda iniciar un proceso de ejecución de hipoteca, o el cual pueda culminar en la venta judicial, de una propiedad residencial que constituya una vivienda principal, se celebrará una reunión compulsoria de mediación conducida en una sala o salón del Tribunal o en aquel lugar que las partes en acuerdo con el mediador seleccionen, pero que no podrá ser en las oficinas del acreedor hipotecario o de sus abogados o representantes legales o asesores, y presidida por un mediador seleccionado por las partes, en el curso de un procedimiento de ejecución de hipoteca sumario y/o ordinario. En dicha reunión el acreedor hipotecario notificará al deudor hipotecario todas las alternativas disponibles en el mercado para poder evitar la ejecución de la hipoteca o la venta judicial de una propiedad residencial que constituya una vivienda principal. El propósito u objetivo será poder llegar a un acuerdo o modificación que permita al deudor hipotecario establecer un acuerdo de pago u otra alternativa satisfactoria a las partes y no perder su vivienda principal.
>
> 32 LPRA sec. 2881(b)

Por su parte, el Art. 3 de la aludida Ley, establece que el tribunal deberá ordenar la celebración de una vista de mediación compulsoria, como requisito jurisdiccional. En lo pertinente, el mencionado artículo dispone lo siguiente:

> Será deber del Tribunal, al presentarse la demanda y diligenciarse el emplazamiento, citar a las partes a una vista o acto de mediación compulsoria que presidirá un mediador seleccionado por las partes y que tendrá lugar en cualquier salón o sala del tribunal o en aquel lugar que las partes en acuerdo con el mediador seleccionen, en la cual se le informará de formas verbal y por escrito al deudor hipotecario todas las alternativas disponibles en el mercado de acuerdo al tipo de préstamo e inversionista para poder evitar la privación del inmueble al deudor, ejecución de la hipoteca o la venta judicial de una propiedad residencial que constituya una vivienda principal, incluyendo aquellas alternativas que no dependen de la capacidad económica del deudor, como lo son la venta corta ("short sale"), la dación en pago, entrega voluntaria de título, y otros remedios que eviten que el deudor pierda su hogar o que, de perderlo, se minimicen las consecuencias negativas sobre el deudor.
>
> [...]
>
> De no presentarse el acreedor hipotecario, al procedimiento de mediación, en cualquiera de sus etapas, sin que medie justificación adecuada, o determinar el Tribunal que no se actuó de buena fe en cuanto al ofrecimiento de alternativas disponibles o la evaluación realizada al deudor y luego de haber dilucidado la controversia en vista evidenciaria, el Tribunal procederá a desestimar sin perjuicio la demanda presentada.

32 LPRA sec. 2882

Al considerar el mencionado Art. 3, nuestro Tribunal Supremo ha expresado que "nuestra interpretación es cónsona con el espíritu de la ley y la intención legislativa de otorgar a los deudores la oportunidad de conocer los remedios que pueden tener disponibles para evitar la pérdida de su hogar." *Bco. Santander v. Correa García*, 196 DPR 452, 472 (2016). Con la vista de mediación, el deudor podrá obtener información sobre los remedios que tiene disponible para evitar la pérdida de su residencia principal y, a su vez, tendrá la oportunidad de sentarse a negociar con su acreedor. *Íd.*, pág.

461. El requisito jurisdiccional que impone la referida Ley, se refiere a que ocurra un señalamiento o citación para una vista de mediación, pero la extensión de dicho procedimiento y su resultado dependerán de la conducta de las partes. *Íd.*, pág. 473.

### -III-

En esencia, los apelantes alegan que el Tribunal de Primera Instancia erró al dictar sentencia sumaria, ello en violación al debido proceso de ley y por no desestimar la causa de acción de epígrafe. Habiendo examinado el referido planteamiento, a la luz de los hechos establecidos y el derecho aplicable, resolvemos confirmar la *Sentencia Sumaria* apelada.

Al entender sobre el expediente que nos ocupa, coincidimos con que el Tribunal de Primera Instancia, actuó conforme a sus facultades adjudicativas. Ninguna controversia de hechos impedía la disposición sumaria del presente caso, de modo que el emplazamiento diligenciado a los Estados Unidos se realizó conforme a derecho y no afectó el debido proceso de ley de los apelantes.

A nuestro juicio, la prueba documental sometida por la parte apelada junto a su solicitud de sentencia sumaria, estableció los elementos de la reclamación que instó, sin que, de forma alguna, los hechos materiales de acción fueran controvertidos por los apelantes.

A fin de prevalecer en sus argumentos, los apelantes se apoyan en que el presente caso debió desestimarse porque el foro primario carecía de jurisdicción por no haber sido emplazado el IRS y no cumplirse con los requisitos de la Ley 184-2012. Sin embargo, su pretensión no nos convence. Según previamente esbozado, un emplazamiento en el que el demandado sea Estados Unidos y/o alguna de sus agencias, debe presentarse copia de la demanda al fiscal de los Estados Unidos del distrito donde se haya interpuesto la acción y enviar copia al fiscal general de los Estados Unidos en

Washington, D.C. Surge de los documentos que obran en el expediente, que la parte apelada notificó del presente litigio al Fiscal del Distrito de Puerto Rico y envió copia a la oficina del Fiscal General en Washington. Siendo ello así, la parte apelada cumplió con su deber de emplazar a las partes conforme a derecho, por lo que no procedía la desestimación del caso de epígrafe. Al igual conclusión llegamos en cuanto a que se cumplieron con los requisitos establecidos en la Ley 184-2012, toda vez que se citaron a todas las partes para efectuar el procedimiento de mediación correspondiente para este tipo de casos.

Así pues, un sosegado examen de los documentos presentados en el expediente de autos y del derecho aplicable al asunto planteado, revela que no hay controversia sobre el asunto que nos ocupa. Por lo que, colegimos que el emplazamiento a los Estados Unidos fue debidamente diligenciado y que los documentos sometidos por la parte apelada establecieron los criterios requeridos para que el foro primario dictara la sentencia sumaria que nos ocupa. De este modo, nada impedía que se dictara la sentencia por la vía sumaria. Resolvemos confirmar el dictamen apelado.

**-IV-**

Por los fundamentos antes esbozados, los cuales hacemos formar parte de este dictamen, *confirmamos* la Sentencia Sumaria apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones